DENNIS D. DOTY, *Appellant,* v. J. W. MADDUX *et al.,* *Appellees.*

No. 16,373.

### SYLLABUS BY THE COURT.

TAXATION—*Lien for Taxes—Purchaser of a Void Tax Deed.* After the tax roll of 1888 had been delivered to a county treasurer an assessment upon two lots for building a sidewalk in a city of the second class was certified to the county clerk, who certified it to the treasurer, who entered it upon the tax roll against each lot thus: "S. Walk 6025." Other taxes upon the property for that year were paid in due time, but each lot was sold at the tax sales of 1889 for a delinquent sidewalk tax of $60.25, and in 1893 a tax deed was issued thereon to the assignees of the certificate, who were in possession under it when this suit was brought by the owner of the lots for possession. The tax deed was void upon its face. Judgment was rendered for the plaintiff for possession, but a lien was given to the defendants for all taxes paid, with interest and costs. *Held,* that the plaintiff, who appealed from the judgment allowing the lien for taxes, should not be relieved therefrom.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Affirmed.

*A. Hoskinson, R. W. Hoskinson, W. R. Hopkins,* and *R. J. Hopkins,* for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: The plaintiff, Doty, in an action of ejectment sought to recover lots 6 and 7, in block 7 in Garden City, from the defendants, Maddux and Jessup, who were in possession under a tax deed. Judgment was rendered for the plaintiff, but the defendants were given a lien for taxes, the tax deed being set aside as void upon its face. The plaintiff ap-

Doty v. Maddux.

peals from the judgment awarding a lien for taxes paid, with interest and costs.

The land was regularly assessed for taxation for the year 1888. On December 28, 1888, payment for one-half of the taxes, $10.97, was made, and a receipt in the usual form was given by the county treasurer. On June 18, 1889, payment was made for the remaining one-half of such taxes and the usual receipt was given. A tax deed was issued for these lots and other property, dated January 7, 1893, reciting the sale of the lots in question at the tax sales of 1889, for the unpaid taxes of 1888. The tax-sale certificate upon which the deed was based recites an unpaid tax of $60.25 on each lot for the year 1888, and that the property was bid off to a purchaser for that sum. The tax roll of 1888 contains the following entries concerning these lots:

| Lot | Block | Sub'd | Valu- ation | No. of 1/4 Q.D. | Total Tax | Rebate | Date of Payment | No. of Receipt | Special Payments | Penalties Dec 21 | Mch 21 | June 21 | Total Payments | Delinquent | No. of Sale | 1889 Tax Sale to whom Sold |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 7 | | 9.50 | 9. E. | 2194 | | Dec 20,88 June 18,89 | 724 1436 | 1097 1097 | S. Walk | | | 6025 | | 394 | Finnup |
| 7 | " | | 3.50 | " | 2194 | | " " " | " " " | " " | S. Walk | | | 6025 | | 395 | Finnup |

The register of tax receipts, under the proper headings, shows the payment of the taxes ($21.94), in semiannual payments, as entered in the tax roll.

The person who was county clerk in the year 1888 testified that the tax roll of that year was in the handwriting of his deputy, except the entries "S. Walk" and "6025," and that such entries were not upon the roll when it was turned over to the treasurer. This witness also testified that sidewalk taxes were certified to him at different times in the year 1888, which he certified to the county treasurer, and that it was his custom so to certify such taxes after the tax roll had been delivered to the treasurer. The evidence also

27—82 KAN.

shows that the entries referred to, "S. Walk" and "6025," are in the handwriting of the person who was county treasurer at that time.

From the foregoing it may be fairly found that the authorities of Garden City certified sidewalk taxes upon these lots to the county clerk in the year 1888 after the tax roll of that year had been delivered to the treasurer; that the county clerk certified such taxes to the county treasurer, who thereupon made the entries referred to, which appear in red ink; that these entries were intended to represent a sidewalk tax on each lot for $60.25; and that the lots were sold therefor, as recited in the tax certificate and tax deed.

The mayor and city council had authority to make assessments for sidewalks against the lots and certify the same to the county clerk (Laws 1905, ch. 116, § 1; Laws 1872, ch. 100, § 43; Laws 1876, ch. 34, § 82; Gen. Stat. 1909, §§ 1374, 1387, 9388), and the county clerk is required to make up the tax roll, attach his certificate thereto, and deliver it to the county treasurer on the first day of November in each year. (Laws 1909, ch. 244, § 1; Gen. Stat. 1909, § 9390.) The county clerk is authorized to correct errors in the description or quantity of lands on the tax roll before or after it has been delivered to the treasurer. (Laws 1876, ch. 34, § 53; Gen. Stat. 1909, § 9329.) He is also authorized to place upon the roll, after its delivery to the treasurer, property which is about to be removed and which has not been assessed. (Laws 1899, ch. 248, § 8; Gen. Stat. 1909, § 9240.) In the case of a false statement or refusal to give a statement of personal property for taxation the clerk, upon due notice and proceedings taken, is authorized to charge the proper person upon the tax roll therefor. (Laws 1876, ch. 34, § 70; Gen. Stat. 1909, § 9381.) He is also authorized to assess any real property which the assessor has omitted. (Laws 1876, ch. 34, § 52; Gen. Stat. 1909, § 9328.) Referring to some of these provisions, and to the sec-

tion providing that taxes shall become a lien on the
first day of November (Laws 1876, ch. 34, § 85; Gen.
Stat. 1909, § 9391), it was said in *Ritchie v. Mulvane*,
39 Kan. 241:

"Observe the foregoing language: 'A lien for all
*taxes* shall attach to the real property *subject to the
same.*' No reference is here made to any assessment.
This means that whenever a tax is levied and the first
day of the next November has arrived a lien shall at-
tach to all property subject to the tax, whether any
assessment has yet been made or not. If no assess-
ment has yet been made, the county clerk may make
it afterward. (Tax Law, §§ 18, 52, 53, 54, 70.)  Of
course the amount of the lien can not be ascertained
until some assessment or valuation of the property is
made, but the county clerk can make it at any time.
It will be seen that the law is careful to prevent the
escape from taxation of any person. All must bear
their fair share of the public burdens; and no one is
permitted to escape taxation merely because of some
irregularity in the assessment or elsewhere. All must
pay their taxes." (Page 252.)

No irregularity in the assessment roll or proceeding,
or mere irregularities of any kind, will invalidate tax
proceedings. (Laws 1876, ch. 34, § 139; Gen. Stat.
1909, § 9481.) The public must not be deprived of its
revenue or the citizen escape his fair share of the pub-
lic burden through such irregularities or omissions. If
one parcel of property is released of its share, the
amount must be added to the property of others who
are already charged with their due proportion. The
failure of the county clerk to make the proper entries
upon the roll at the proper time were irregularities.
It was also an irregularity for the treasurer to make
such entries. But these irregularities will not relieve
the plaintiff from paying his taxes. The evidence was
sufficient *prima facie* to show that the assessment had
been made and had been duly certified to the county
clerk, and that it should have been entered on the tax
roll and collected. The fact that the entry was made

by the treasurer instead of the clerk could not prejudice the plaintiff.

Whether the sidewalk tax had been entered upon the roll before the payment of the other taxes the evidence does not show, and we may presume that it was entered afterward. Still the plaintiff had ample notice by the publication of delinquent sales, as well as by the improvement of his property, that the tax existed. He has no equitable claim to have the lien removed and the burden cast upon other taxpayers.

The judgment is affirmed.